### State of Vermont v. Theodore Brown

[562 A.2d 1057]

No. 87-309

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed May 5, 1989

*Shelley A. Hill, Windsor County State's Attorney, M. Patricia Zimmerman, Deputy State's Attorney,* and *Garry O'Brien, Law Clerk (On the Brief),* White River Junction, for Plaintiff-Appellee.

*Martin & Paolini,* Barre, for Defendant-Appellant.

**Morse, J.** Theodore Brown appeals his conviction for the felony possession of marijuana, 18 V.S.A. § 4224(f)(1)(B). The sole ground for appeal is the lawfulness of a search of his home at Lovejoy Brook Road, Ludlow, Vermont, on September 13, 1986. We affirm.

## I.

On September 10, 1986, Peter Holl, defendant's neighbor, and Doug Coolidge, a friend of Holl's, found a number of five-gallon pails with marijuana plants growing in them hidden in the woods on Holl's land. Three days later, Holl and Coolidge contacted Sergeant Stephen Benard of the Ludlow Police Department to advise him of the marijuana and to complain that on that day defendant had threatened them with a pistol and accused them of taking his marijuana plants.

With Holl's consent, Sergeant Benard went to Holl's land and found ten five-gallon buckets containing marijuana plants and marijuana plant stumps. Another officer, Chief Walter Errington, Jr., also visited the site with Holl's consent. Errington too observed the potted marijuana on Holl's land, located about 200-400 yards from defendant's residence, and heard gun shots coming from defendant's premises at the time. Holl told Errington that some of the plants had been removed from the area. Chief Errington knew that defendant was on parole for previous convictions for marijuana cultivation. In his affidavit, he described defendant's premises as including unoccupied sheds, storage buildings, trailers and junk autos guarded by five chained German shepherd dogs. Errington also stated that earlier in the month defendant had remarked to him that he was "keeping out of trouble and only smoke[d] a little marijuana once in a while."

Based on affidavits containing the above information, Errington secured a warrant to search defendant's premises. The search revealed, among other things, five bags of marijuana and pipes containing marijuana residue. Defendant moved to suppress the fruits of the search, claiming there was insufficient cause to issue the warrant. The trial court denied the motion.[1]

---

[1] The parties agreed that the court could convict defendant on a stipulation of facts so that defendant could appeal the denial of his motion to suppress. A recent amendment to the Criminal Rules permits an appeal of such an issue with a conditional plea. See V.R.Cr.P. 11(a)(2).

## II.

V.R.Cr.P. 41(c) governs the issuance of a search warrant upon a finding of probable cause:

> The finding of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is factual basis for the information furnished.

Probable cause is found where the information provided the judicial officer would persuade a person of "reasonable caution" that " 'a crime has been or is being committed and that evidence of that crime will be found in the place to be searched.' " *State* v. *Ballou,* 148 Vt. 427, 433-34, 535 A.2d 1280, 1284 (1987) (quoting *State* v. *Howe,* 136 Vt. 53, 61, 386 A.2d 1125, 1130 (1978)). The critical inquiry for the magistrate authorizing the warrant was whether, taking the information as true, marijuana or indicia of its use or sale would more likely than not be found at defendant's residence.[2] In addition, to the extent the warrant relied on the hearsay evidence of Holl and Coolidge, that evidence had to satisfy the "credibility" and "factual basis" prongs of Rule 41(c). *Ballou,* 148 Vt. at 434, 535 A.2d at 1284.

Defendant's challenge to the validity of the warrant rests on two premises. First, the marijuana found growing in pails was not

---

[2] The degree of probability required for "probable cause" has not been conclusively established by the United States Supreme Court, although support for the views expressed here is found in *Spinelli* v. *United States,* 393 U.S. 410, 418 (1969), where the Supreme Court, finding probable cause to issue a search warrant lacking, stated that "we find nothing alleged which would permit the suspicions engendered by the informant's report to ripen into a judgment that a crime was probably being committed." (Later, the *Spinelli* Court stated that "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause," *id.* at 419, but failed to elucidate what is meant by "probability.")

The standard of probable cause may depend on the nature of the matter under consideration — e.g., whether a crime has been committed, whether a particular person has committed it, whether evidence of crime is to be found in a particular place, and so on. See generally 1 W. LaFave, Search and Seizure § 3.2(e) (2d ed. 1987). Our holding that the standard for "probable cause" is "more likely than not" is limited to situations, such as that obtaining here, where the pertinent inquiry is whether evidence of a crime will be found in a particular place.

on defendant's land and, second, there was no showing that Holl and Coolidge were credible informants.

The sole fact that the marijuana was found on land adjacent to defendant's does not, of course, give rise to probable cause to believe that marijuana would be found at defendant's residence. Coupled with all the facts presented to the magistrate, however, there is ample reason to objectively conclude otherwise. The presence of the marijuana near defendant's land, observed by the affiants, the remark to Errington about smoking marijuana, and Errington's knowledge of defendant's parole status[3] together were sufficient to justify the issuance of the warrant.

Defendant's second point, lack of support for the credibility of Holl and Coolidge, is likewise unpersuasive. It is true that the trial court did not know anything more about the background and circumstances of these two men than that Holl owned land next to defendant and Coolidge was acquainted with Holl. Yet, when their story (corroborated by each other) is compared to what the police officers learned and knew about defendant, their credibility rings true "in this particular case." See *id.* at 435, 535 A.2d at 1284.

Holl and Coolidge said they found marijuana growing in containers on Holl's land near defendant's residence. It was. They said defendant accused them of taking his marijuana while he threatened them with a gun. An officer heard a gun being fired at defendant's residence, knew defendant had been convicted of marijuana possession, and had even heard defendant recently admit to occasional use of marijuana. A short walk away from the place of cultivation were defendant's five guard dogs and ample places to conceal the drug. Finally, some of the marijuana found by Holl had been recently harvested, as evidenced by the stumps of the plants, further corroborating the information related by Holl. The credibility of the informants was adequately supported on this record and met the test of V.R.Cr.P. 41(c).

Defendant contends that Chapter I, Article 11 of the Vermont Constitution provides greater protection than the Fourth Amendment of the United States Constitution. We need not address this issue since defendant does not argue that the applicable provision

---

[3] A suspect's prior convictions are not barred from consideration on the issue of probable cause. *United States* v. *McNally,* 473 F.2d 934, 940 (3d Cir. 1973).

of the Vermont Constitution is more stringent than V.R.Cr.P. 41(c). See *Ballou*, 148 Vt. at 433 n.1, 535 A.2d at 1283 n.1.

*Affirmed.*